## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **OGO MANGUM & ASSOCIATES, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **EVERBRIDGE, INC.,** <br><br> Defendant. | Civil Action No.: <br><br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes Plaintiff, OGO Mangum & Associates, LLC ("Plaintiff"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.   This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Everbridge, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 9,818,280 ("the '280 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.   Plaintiff is a Texas limited liability company with a primary location of 17307 Dawn Haven Court, Houston, Texas 77095.

3.   Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 25 Corporate Drive – Suite 400, Burlington, Massachusetts 01803. Upon information and belief, Defendant may be served with process c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.everbridge.com, which is in the business of providing communications services for notifications of emergencies, amongst other things. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.everbridge.com, and its incorporated and/or related systems (collectively the "Everbridge Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Everbridge Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On November 14, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '280 Patent, entitled "INSTANT PERSONAL EMERGENCY COMMUNICATION MESSAGING DEVICE" after a full and fair examination. The '280 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '280 Patent. Plaintiff possesses all rights of recovery under the '280 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13. The invention claimed in the '280 Patent comprises an instant personal emergency messaging platform in which message content is represented and transmitted via a single operation invoking a coding of geographic location and status data used to confirm the location and status of an individual.

14. Claim 11 of the '280 Patent recites a computer-implemented method for single action messaging and location confirmation.

15. Claim 11 of the '280 Patent states:

> "11. A computer-implemented method for single action messaging and location confirmation, comprising executing

3

on a processor the steps of:
presenting to a user of a computerized interface a graphical representation of at least two color coded messaging codes indicative of an urgency level of a message;
receiving a user selection of a one of the at least two color coded messaging codes;
delivering via a communication network the selected color coded messaging code to a first recipient corresponding to the selected messaging code;
delivering via a communication network a message according to the selected color coded messaging code to a second recipient following receipt of an indication that the message according to the selected color coded messaging code was not acknowledged by the first recipient; and
graphically presenting to the second recipient a representation of a status of the user, the graphically presented representation color coded according to the selected color coded messaging code." See Exhibit A.

16. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '280 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 11 of the '280 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 11 of the '280 Patent.

**DEFENDANT'S PRODUCT(S)**

17. Defendant offers solutions, such as the "Everbridge Safety Connection™" system (the "Accused Product"), that enables a computer-implemented method for single action messaging and location confirmation. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 11 of the '280 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

18. As recited in Claim 11, a system utilized by the Accused Product practices location-based communication interface to request urgent assistance. The Accused Product can be operated via multiple devices including desktops, laptops, tablets, and smartphones. See Exhibit B.

19. As recited in Claim 11, the system utilized by the Accused Product practices location-based communications to provide for user safety. See Exhibit B.

20. As recited in Claim 11, the system utilized by the Accused Product practices location-based multi-color messaging code. The Accused Product provides an interface which sends urgency levels such as Checks-ins (normal), safe corridor, Emergency call and SOS requests to team. See Exhibit B.

21. As recited in Claim 11, the system utilized by the Accused Product automatically provides emergency alerts to first responders. Notification comprises geocoded location of the emergency initiated user. See Exhibit B.

22. As recited in Claim 11, the system utilized by the Accused Product comprises two-way communication, which allows user to initiate multi color-coded messaging codes for multiple types of alert. See Exhibit B.

23. As recited in Claim 11, the system utilized by the Accused Product provides multicolor coded feed, to select one of the colors for safety confirmation. See Exhibit B.

24. As recited in Claim 11, the system utilized by the Accused Product practices the features of color message code. The SOS color code feed provides for both critical emergency and safe corridor feeds for the user in a potentially dangerous situation. See Exhibit B.

25. As recited in Claim 11, the system utilized by the Accused Product practices that user can select SOS feed from multicolor-coded feed and visa-versa. The SOS feed with user location is notified to the receiver. See Exhibit B.

26. As recited in Claim 11, the system utilized by the Accused Product practices a member portal from which user has to select/add the contacts for notification escalation. These notification escalations have multiple levels which are listed as primary contacts, escalation level 1, level 2 which can then add contacts as per levels. See Exhibit B.

27. As recited in Claim 11, the system utilized by the Accused Product practices all the functionality of Mass notification, which helps to escalate the notification (multi-color coded feeds) to user-defined next person/group when the first-person/group doesn't respond. First notification will be delivered to the first-person/group as defined by the user. See Exhibit B.

28. As recited in Claim 11, the system utilized by the Accused Product practices the representation of a color-coded status of the user on the second recipient device. For example, the SOS feed was initiated by the app user and later it is notified on the second recipient device which includes the color-coded feed (shows the type of emergency), geo-code location and other relevant information. See Exhibit B.

29. As recited in Claim 11, the system utilized by the Accused Product practices the automatic launching of the Accused Product notification workflow which includes Geo-Coded SOS point and video on the recipient device. See Exhibit B.

30. The elements described in the preceding paragraphs are covered by at least Claim 11 of the '280 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '280 Patent.

## **INFRINGEMENT OF THE PATENT-IN-SUIT**

31. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

32. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '280 Patent.

33. Defendant has had knowledge of infringement of the '280 Patent at least as of the service of the present Complaint.

34. Defendant has directly infringed and continues to directly infringe at least one claim of the '280 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '280 Patent, Plaintiff has been and continues to be damaged.

35. Defendant has induced others to infringe the '280 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

36. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '280 Patent, pursuant to 35 U.S.C. § 271.

37. Defendant has committed these acts of infringement without license or authorization.

38. As a result of Defendant's infringement of the '280 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

39. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for

any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

40.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

41.     Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.  That Defendant be adjudged to have directly infringed the '280 Patent either literally or under the doctrine of equivalents;

b.  An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.  That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '280 Patent;

d.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: August 23, 2020 | Respectfully submitted, |
| Together with: | CHONG LAW FIRM PA |
| SAND, SEBOLT & WERNOW CO., LPA | */s/Jimmy Chong* <br> Jimmy Chong (#4839) |
| Howard L. Wernow <br> (*pro hac vice forthcoming*) | 2961 Centerville Road, Suite 350 <br> Wilmington, DE 19808 <br> Telephone: (302) 999-9480 |
| Aegis Tower – Suite 1100 <br> 4940 Munson Street NW <br> Canton, Ohio 44718 <br> Telephone: (330) 244-1174 <br> Facsimile: (330) 244-1173 <br> Email: howard.wernow@sswip.com | Facsimile: (877) 796-4627 <br> Email: chong@chonglawfirm.com <br><br> ATTORNEYS FOR PLAINTIFF |